THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. MARLENE ADAMS, DEFENDANT-APPELLANT.

Hudson County Court
Law Division

Decided December 11, 1950.

*Mr. Horace K. Roberson,* County Prosecutor (*Mr. Cecil T. Woolsey,* Assistant County Prosecutor, of counsel), for the State of New Jersey.

*Mr. Edward Madden,* for defendant-appellant.

DREWEN, J. C. C.   Appellant was convicted in the Kearny Magistrate's Court of certain motor vehicle violations.   The jurisdiction of that court was challenged on the ground that the Juvenile and Domestic Relations Court has exclusive cognizance of the case.   The same challenge is made here and the present motion to dismiss, based thereon, is being disposed of without a hearing of the case *de novo* in accordance with the normal procedure.

The charges against appellant are specifically (a) operation of motor vehicle on a learner's permit while not in the company of a motor vehicle driver of this State; (b) operation of a motor vehicle without the owner's permission; and (c) unlawfully leaving the scene of an accident.   (*R. S.* 39:3-13; 39:4-48; 39:4-129.)

It is stipulated that at the time of the alleged offense appellant was 17 years of age and that she was then the holder of a learner's permit theretofore issued to her by the motor vehicle authority (*R. S.* 39:3-13).

The challenge to the jurisdiction is based on the provisions of *R. S.* 9:18-12 as amended: "The commission of an act which constitutes a violation of the provisions of chapters

three or four of Title 39, Motor Vehicles, of the Revised Statutes, or of any supplement thereof, by a child of or over the age of seventeen years, who is the holder of a valid license to operate a motor vehicle under the laws of this or any other State, shall not constitute juvenile delinquency as defined in this section." This provision marks an exception to the jurisdiction of the Juvenile and Domestic Relations Court in the case of charges like those presently in question against persons within the stated age limit. If, therefore, the appellant as holder of a learner's permit can be said within the terms of the quoted section to be "the holder of a valid license to operate a motor vehicle under the laws of this State," this court has jurisdiction, otherwise not.

The statute governing the issuance of a learner's permit (*R. S.* 39:3–13) provides that the Commissioner may issue such permit in his discretion "to a person over seventeen years of age;" the permit shall be for a specified period of not more than 30 days and its effect is to allow "such person, for the purpose of fitting himself to become a motor vehicle driver or a motor cycle operator, to operate a motor vehicle or motor cycle for a specified period of not more than thirty days, while in the company and under the supervision of a licensed motor vehicle driver." The statute further provides that "The permit shall be sufficient license for the person to operate a motor vehicle or motor cycle in this State during the period specified, while in the company of and under the control of a licensed motor vehicle driver of this State." There is the further proviso that "No examination for a driver's license shall be given unless the applicant has first secured a learner's permit."

There can be no doubt, it seems to me, that the unqualified and definitive driver's license had in view by the statute abridging the Juvenile Court jurisdiction is a different thing in kind from the conditional and circumscribed learner's permit contemplated by *R. S.* 39:3–13. The learner's permit requires no prior examination. It is issued virtually *pro forma* and as matter of course. It is simply part of the scheme to regulate the training of candidates preliminary to

the test of eligibility and fitness for the obtaining of "a valid license to operate a motor vehicle." The very fact that one asks for and obtains a learner's permit in itself shows that he is not the "holder of a valid license to operate" such vehicle. It is not to be supposed, moreover, that the Juvenile and Domestic Relations Court jurisdiction is intended to be withdrawn from juveniles charged with motor vehicle violations, when the operation was "under the control" of another, that is, of a licensed motor vehicle driver of this State, as the statute requires.

Upon the oral argument the Assistant Prosecutor urged that the words "holder of a valid license to operate a motor vehicle under the laws of this or any other State," as they occur in the quoted section from *R. S.* 9:18–12, are so inclusive as to embrace a learner's permit as well. I find that proposition untenable. There is nothing to support it. Reasonableness in the legislative policy, the obvious effect of the relevant provisions, reading them together, and the application of plain common sense are all against the State's contention, it seems to me.

I hold that this court and the court below are alike without jurisdiction in the premises. Appellant's motion is granted.